Special Term.—GHOLSON J. presiding.

OHIO LIFE INSURANCE AND TRUST COMPANY *v.* J. & S. H. GOODIN.

In an action on promissory note, against makers, not necessary under the Code to aver in petition that the defendants made, and that the plaintiff owns the note.

This was an action on a promissory note against the defendants as makers. The petition, after stating the style of the Court, and the names of the parties, was in this form.

" PETITION:

"The above named plaintiff states there is now due to her from the above named defendants the sum of thirty-two hundred dollars, with interest thereon, at the rate of six per centum per annum, from the seventeenth day of April, A. D. 1854, upon a certain promissory note, whereon this action is founded: a true copy whereof, with all credits, and the endorsement thereon, is herewith filed, marked 4033. And the said plaintiff further states, that the said defendants, James Goodin and Samuel H. Goodin, partners, under the style of J. & S. H. Goodin, are liable, upon the said note, as makers thereof & capial. Wherefore the said plaintiff demands judgment against the said defendants, for the said sum of thirty-two hundred dollars with interest thereon, at the rate of six per centum per annum, from the seventeenth day of April, A. D. 1854, and also for costs."

The copy annexed to the petition was as follows:

"Copy of note, Exhibit 4033.

$3200. *Cincinnati, February* 13th, 1854. Sixty days after date, we promise to pay to the order of John Goodin, thirty-two hundred dollars, payable at the Ohio Life and Trust Company Bank in this City, for value received.

Endorsed: J. & S. H. GOODIN."

JOHN GOODIN.
JAMES GOODIN.

GHOLSON, J.

The defendants demur, on the ground that the facts do not constitute a cause of action. The petition in this case is filed under section 122 of the Code. It contains all, and more than that section in express language says shall be sufficient. It is more full than the form prepared by the Commissioners in illustration of their meaning in framing the provisions of the Code. I shall certainly hold that it is sufficient.

I have been referred to some decisions in New York, on the analogous section of the Code of that State. The decisions on the subject, in that State, are contradictory. Some of them do hold, that an averment that the defendants made the note, and that the plaintiff is owner or holder, where the fact does not appear from the copy of the note, are requisite. One of the cases would appear to sustain the point taken for the defendants in this case. But, as said in a recent work on the practice under the Code in New York, (*Voorhees' Supplement*,) those decisions overlook the fact that the allegation allowed by section 122 "is a brief way of stating all the facts which entitle the plaintiff to recover."

Such is my conclusion, and I shall overrule the demurrer.

---

In Special Term—GHOLSON J. presiding.

