Spear, J.
The question presented by the record is whether or not, in an action on an account, it is sufficient to aver the indebtedness claimed, that b is founded on an account, and that a copy is attached marked in a specified way, or must the petition also state that the copy of the account is' thereby made a part of the petition? The answer to this question depends upon the proper construction of section 5086, Revised Statutes (2 Bates’, 2737), which reads as follows:
“Sec. 5086. In an action, counterclaim, or set-off, founded upon an account, or upon an instrument for the unconditional payment of money only, it shall be sufficient for a party to set forth a copy of the account or instrument, with all credits and the indorsements thereon, and to state that there is due . to him, on such account or instrument, from the adverse party, a specified sum,, which he claims, with interest; and when others than the makers of a promissory note, or the acceptors of a bill of exchange, are parties, it shall be necessary to state the facts which fix their liability.”
What is a setting forth of a copy? It does not appear that the precise question has been passed upon by this court, at least not in any reported case, but the question has been the subject of comment by text-writers and has been somewhat considered by other courts of the state. Judge Swan in his work on Pleading and Precedents, 193, says that the better practice is to insert a copy in the pleading' of such money instruments as are described in section one hundred and twenty-two, (now embodied .in section 5086, supra), when *202 ever a party states his cause of action in the manner allowed by that section, but that it is sufficient if the pleader attaches a copy of ' the instrument and refers to it, citing in support of the conclusion, O. L. I. & T. Co. v. Goodin, 1 Handy, 31, and Memphis Med. Col. v. Newton, 2 Handy, 165. It is proper to add, however, that the learned author in giving a form for a petition on an account, at page 275 of the same work, provides for the incorporation of the copy of account in the petition itself, and the same method of statement is shown in forms subsequently given for actions on promissor)'- notes and bills of exchange. Referring to the two cases cited from Handy we find that in the one first mentioned there is no specific reference, to the point involved in the case at bar, and while it is true that the petition, which the court holds sufficient, does not by specific averment make the copy of the. note which is filed a part of the petition, yet the mind of the court appears to have been directed wholly to whether or not it was necessary to aver in the petition that the defendants made, and that the plaintiff owned the note, the holding being that it was not. The other case was an action on a judgment. The point, we have was not pertinent, nor was it raised, though in the opinion the judge, arguendo, declares that, under section 122 of the code the instruments referred to in that section became incorporated in the petition by an express reference.
In its report to the general assembly in the year 1853, the code commission, in presenting by way of appendix, a number of forms for illustration, *203 gives among others one upon an account which refers to the account by the words “a copy of which account is.hereto attached,” and without in terms making the same a part of the petition.
In Ives v. Strickland, 4 W. L. B., 852, decided in 1879, the district court of Hamilton county was called upon to review a judgment of the common pleas sustaining a'demurrer to a petition to recover on a promissory note where the allegation was “that there was due to the plaintiff from the defendant, on an instrument in writing, $597, with interest, a copy of which is attached,” no other statement being made with respect to the note. The court held that in regard to the “objection that the instrument was not made part of the petition, the usual practice where suits are brought on promissory notes is to give in the petition a copy of the instrument, or refer to it by some letter or figure and make it a part of the petition,” but that the petition, being in substantially the' form prescribed by the original code commission, and frequently used, the instrument is sufficiently made a part of the petition to enable the court to determine whether it was the instrument referred to in the petition. It will be observed that the court does not hold in this case that the attaching of the copv of the note really makes it a part of the petition but rests its conclusion solely on the authority of the code commission and on the ground that it is sufficiently so made to enable the court to determine whether it was the instrument referred to in the petition.
It seems to be conceded that the practice with respect to the question here involved has been *204 diverse throughout the state, and there being no deliverance by this court determining the question, it has been thought best to report this case in order to establish the proper practice and make the same uniform, although it is not considered that the abstract question itself is of great importance. It is, however, important to have the rule understood and we proceed to state briefly the court's conclusion and some of the considerations moving to it.
The conclusions of the learned judges herein-before cited, and those of the learned text-writers, are persuasive, but we have not found them convincing. The pleader must “'set forth” a copy of the account. We suppose that the term “set forth” means placing or putting a copy of the account in the proper place. The items of such account constitute a part of the cause of action. They are in the nature of averments necessary in some form and in some way to be stated in the pleading; otherwise it would be clearly insufficient. Of this, at common law, there could be no sort of question, and it is conceded in all the cases that the equivalent of such statements must necessarily appear in the pleading. Unless that be so the averment as to the indebtedness is simply a legal conclusion and manifesly of no force. It is true that the statute (the section quoted) which authorizes what is termed the short form for declarations upon accounts, and upon instruments for the payment of money only, obviates the necessity of many statements in the pleading which at common law would be essential, but why assume that the intent was to render unnecessary that *205 which is universally regarded as essential in pleadings, respecting causes of action generally, viz.: a statement of the facts essential to a showing of liability? The language of the section does not in terms justify that conclusion. We think.it does not justify it by inference. There is no reference in the section to the attaching of copies; the absolute requirement, however, is that the pleader must “set forth” the copy. This view would seem to be strengthened by a consideration of the preceding section. The word attached as applied to the copy is found in that section, and it has been held again and again (Olney v. Watts, 43 Ohio St., 499), and is the unnuestioned law, that a copy of an instrument required to be attached does not thereby become a part of the pleading, and cannot be resorted to in giving construction to it. Why should the term “hereto attached” be given a wider import in a pleading brought under section five thousand and eighty-six?
Another consideration is of importance. The affidavit to the petition was made by one of the attorneys for the plaintiff under favor of section 5109, Revised Statutes, the plaintiff being absent from the county. The affiant swears “that the facts and allegations therein contained are true as he verily believes.” This language doesn’t express that the affiant is making oath to the contents of the petition, but that is what it means. There is no attempt, however, to make oath to the items of the account or to its truthfulness or accuracy in any respect,' and so far as the amount due is concerned the affidavit is simply to a legal conclusion, thus leaving the real gist and foundation of the *206 cause of action without support by any verification whatever. And when it is remembered that the general requirement of the code is that the pleader must state in the pleading the facts constituting his cause of action, that the same must be verified by affidavit, and that a proper pleading upon an account sworn to by sufficient affidavit is understood to authorize a judgment by default, it becomes entirely clear, as we think, that a petition on an account which neither incorporates the copy within the confines of the pleading, nor makes it by apt averment a part thereof, and where the purported copy of account is not reached by the verification, is not justified by either the spirit, purpose or letter' of the statute.
Attention is called by counsel for defendant in error to the case of Crawford v. Satterfield, 27 Ohio St., 421, and it is claimed that it rules the case at bar. The second paragraph of the syllabus in terms holds that “in actions founded upon written agreements, other than for the unconditional payment of money only, it is not good pleading to copy the written instrument into the pleading, nor to ■ attach a copy making it a part thereof.” But the action being based upon a contract other than one for the unconditional payment of money the precise question -we have was not involved in the case, and a decision of the case at bar could not safely be rested upon the case cited. Inferentially, however, the syllabus does indicate a recognition of the proposition that where the suit is on an instrument covered Isy section 5086, the pleader shall either copy the instrument into the *207 pleading or attach a copy and make it a part thereof.
As conclusion we are of opinion that section 5086, Revised Statutes, permits the. pleader, in an action upon an account to attach to his petition a copy of the account by proper reference and make it b)r distinct averment in the petition a part thereof, but that it is not sufficient to merely allege; as in this case, that there is due a specified amount “upon an account a copy of which said account is hereto attached and marked 'Exhibit A,’ ” and that a demurrer to such s petition as not stating a cause of action should be sustained. The judgment of the circuit court reversing that of the common pleas will be

Affirmed.

Summers, C. J., Davis and Price, JJ., concur.